# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH **forever_riding@yahoo.com** THAT IS STORED AT PREMISES CONTROLLED BY Yahoo, Inc. | Case No. 4:21 MJ 308 DDN<br><br>*Signed and Submitted to the Court for filing by reliable electronic means*<br><br>**FILED UNDER SEAL** |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Northern__ District of __California__
*(identify the person or describe the property to be searched and give its location)*:

INFORMATION ASSOCIATED WITH **forever_riding@yahoo.com** THAT IS STORED AT PREMISES CONTROLLED BY Yahoo, Inc.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before __November 10, 2021__   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ✓ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __David D. Noce__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and Time issued:   __October 28, 2021, at 5:13 p.m.__   __/s/ David D. Noce__
*Judge's signature*

City and State:   ___St. Louis, MO___   __Honorable David D. Noce, U.S. Magistrate Judge__
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (page 2)

| | Return | |
|---|---|---|
| Case No.:<br>4:21 MJ 308 DDN | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with **Forever_Riding@yahoo.com** that is stored at premises owned, maintained, controlled, or operated by Yahoo, Inc., an email provider headquartered at 701 First Avenue, Sunnyvale CA.

## ATTACHMENT B

### Particular Things to be Seized

I.  **Information to be disclosed by Yahoo (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information, for the time period of **January 1st, 2021** to **present**, to the United States for each account or identifier listed in Attachment A:

The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

a.   All records or other information regarding the identification and subscriber of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

b.   The types of service utilized;

c.   All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

2

    d.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

    e.    Any and all cookies associated with or used by any computer or web browser associated with the account, including the IP addresses, dates, and times associated with the recognition of any such cookie;

**The Provider is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

**II.**    **Information to be seized by the United States**

All information described above in Section I that constitutes evidence and instrumentalities of violations of **18 USC 1343 – Wire Fraud**, those violations involving **Semaj Porter** from **January 1st, 2021** to **present**, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Any and all communication between Semaj Porter and the Missouri Housing Development Commission or its representatives regarding housing aid applications;

(b) Any and all communication between Semaj Porter and other parties regarding housing aid applications;

(c) Any and all communications between Semaj Porter regarding business transactions related to actual or purported business conducted by "Forever Riding Inc."

(d) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(e) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

(f) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(g) The identity of the person(s) who communicated with the user ID about matters relating to ongoing bank and wire fraud, fraudulent aid applications, or other suspect activity including records that help reveal their whereabouts.